**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John W. Lynch,<br><br>Plaintiff,<br><br>v.<br><br>John E. Potter, Postmaster General,<br><br>Defendant. | No. CV 05-0852 PHX DGC<br><br>**ORDER** |

By order dated July 26, 2006, the Court required counsel for the Government to answer the following questions to determine whether Plaintiff complied with the service requirements of Rule 4(i)(1) of the Federal Rules of Civil Procedure: (1) Were the United States Attorney and Attorney General served with a copy of Plaintiff's complaint by certified mail? (2) Does the Government contend that this service was ineffective, and, if so, why? Dkt. #18. In response, the Government states that the United States Attorney's office and Attorney General's office received copies of Plaintiff's complaint by certified mail on April 18, 2005. Dkt. #21 at 2. The Government contends that service was ineffective, however, because Plaintiff failed to serve a duly executed summons as required by Federal Rule of Civil Procedure 4(i)(1). *Id*.

The Court agrees that Plaintiff's failure to serve a summons on the Government constitutes insufficient service. Rule 4(i) requires a plaintiff serving the United States to deliver a copy of the summons and complaint to the United States attorney for the district in which the action is brought, the Attorney General, and, if necessary, the federal agency or

corporation against which the plaintiff is bringing suit. Fed. R. Civ. P. 4(i)(1)-(2). All Plaintiff has done is mail a certified copy of his complaint to the Attorney General and the United States Attorney for the District of Arizona. Plaintiff still must obtain a proper summons for each defendant and serve both the summons and the complaint on the proper government entities and other defendants in accordance with Rule 4. Rule 4 explains in detail the steps Plaintiff must take to effectuate proper service of process. Plaintiff should pay particular attention to Rule 4(a)-(c) to learn how to obtain and serve a summons, and Rule 4(i), to determine how to serve United States government entities.

Because Plaintiff has attempted to serve the Government in accordance with Rule 4(i), but has failed to obtain the required summons, the Court will grant Plaintiff 60 days from the date of this order to complete service of process. This is the last chance Plaintiff will have to serve Defendants. If Plaintiff fails to comply with the service requirements of the Federal Rules of Civil Procedure, the Court will dismiss the action. Service in the case is long overdue and the litigation must proceed to a conclusion.

The Court's order of May 2, 2006 also required Plaintiff to serve individual defendants named in the complaint in accordance with Rule 4(e), which provides for service upon individuals within a judicial district of the United States. The Court is uncertain whether Plaintiff has properly served these individuals. If Plaintiff has not done so, he must serve individual defendants within this 60-day period as well, or the Court will dismiss the action as to these defendants.

**IT IS ORDERED:**

1. This matter will be dismissed 60 days from the date of this order if Plaintiff fails to serve the summons and complaint properly or to show good cause for his failure to serve the summons and complaint.

DATED this 15th day of December, 2006.

_____
David G. Campbell
United States District Judge